

## NUMBER 13-13-00264-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

ADOLFO VELA D/B/A
ADELCO ENTERPRISES,                                           Appellant,

v.

CATLIN SPECIALTY INSURANCE
COMPANY, ET AL.,                                               Appellees.

### On appeal from the 445th District Court
### of Cameron County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Perkes
### Memorandum Opinion Per Curiam

Appellant, Adolfo Vela d/b/a Adelco Enterprises, attempted to appeal an order granting summary judgment rendered on April 17, 2013. One of the appellees, Catlin Specialty Insurance Company ("Catlin"), has requested this Court to examine its jurisdiction over the appeal. According to Catlin, the summary judgment was not a final judgment because it failed to dispose of all claims, specifically, its own claims for

attorney's fees. Catlin supported its position with a transcript from a trial court hearing in which the trial court explicitly stated that the summary judgment order was not intended to be a final judgment and that claims remain pending in the case.

Upon review of the documents before the Court, it appears that the order from which this appeal was taken was not a final, appealable order. An appeal generally may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). With certain exceptions that are not applicable to this case, a judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record. *Id.* We determine whether a judgment is final by considering the judgment's language and the record in the case. *Id.* When, as here, there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal "unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and parties." *Id.* at 205. In such a case, the inclusion of a "Mother Hubbard clause," *i.e.*, one reciting that "all relief not granted is denied," does not indicate that a judgment rendered without a conventional trial on the merits is final. *Id.* at 203–04. An order does not dispose of all claims and all parties merely because it is entitled "final" or because the word "final" appears elsewhere in the order. *Id.* at 205.

The Court, having considered the documents on file, is of the opinion that the appeal should be dismissed for want of jurisdiction. *See id.* Accordingly, the appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Delivered and filed the
11th day of July, 2013.